IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CRYSTAL LEE ELLEN HOGUE                                                    PLAINTIFF

vs.                                    Civil No. 1:16-cv-01084

NANCY A. BERRYHILL                                                         DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Crystal Lee Ellen Hogue ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed her disability applications on November 13, 2013 (DIB) and on January 22, 2014 (SSI). (Tr. 120). In these applications, Plaintiff alleges being disabled due to fibromyalgia, an enlarged heart, sleep apnea, high cholesterol, osteoporosis in her neck and left hip, being flat footed, carpal tunnel syndrome in both wrists, joint stiffness in her fingers, nervousness, depression, migraines, anxiety and stress, light sensitivity, "sinking ear drums," vertigo, fatigue,

1

hearing loss. (Tr. 336). Plaintiff alleges an onset date of October 21, 2013. (Tr. 120). Her applications were denied initially and again upon reconsideration. (Tr. 166-227).

Plaintiff requested an administrative hearing on her denied applications. (Tr. 250-251). This request was granted, and Plaintiff's administrative hearing was held on September 17, 2015 in Alexandria, Louisiana. (Tr. 117-119). At this hearing, Plaintiff was present and was represented by Mary Thomason. *Id.* Plaintiff and Vocational Expert ("VE") Thomas D. Magall testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.965(c) (SSI). (Tr. 142). As for her education, Plaintiff testified she had completed high school. (Tr. 144).

On October 20, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 117-133). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 122, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 21, 2013, her alleged onset date. (Tr. 122, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, osteoporosis, early degenerative changes of the left knee, osteoarthritis, rheumatoid arthritis, tendonitis of the right wrist, degenerative disc disease of the cervical spine, degenerative joint disease of the shoulders, hyperthyroidism, obesity, panic disorder, major depressive disorder, and borderline personality disorder. (Tr. 122-123, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 123-126, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 126-131, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is able to perform no other-the-shoulder work and is unable to work around hazards; she is able to perform the mental demands of work that is not complex and that requires only occasional interaction with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 131, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 132, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon this testimony and considering his RFC, the ALJ determined Plaintiff retained the capacity to perform the following medium, unskilled occupations: (1) office helper (light, unskilled) with 10,942 such jobs in the national economy and (2) light housekeeping cleaner (light, unskilled) with 229,918 such jobs in the national economy. (Tr. 132). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from October 21, 2013 through the date of his decision or through October 20, 2015. (Tr. 133, Finding 11).

Plaintiff sought review with the Appeals Council. On August 26, 2016, the Appeals Council denied her request for review. (Tr. 1-3). On September 16, 2016, Plaintiff filed a Complaint in her

case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 13-14. This case is now ready for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred by failing to correctly consider the combined impact of her impairments. ECF No. 13 at 11-20. In making this argument, Plaintiff specifically argues the ALJ erred in consideration of her subjective complaints. *Id.* Defendant has responded to Plaintiff's brief and claims her case should be affirmed. ECF No. 14. Upon review, the Court finds the ALJ did err in considering her subjective complaints. Thus,

the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records. (Tr. 126-131). Notably, the ALJ *recited* he had considered Plaintiff's subjective complaints and then made the following findings:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause symptoms; however, the claimant's statements considering the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. The claimant's specific statements regarding her physical and mental symptoms and limitations are discussed above.

(Tr. 20) (emphasis added).

Indeed, although the ALJ also referenced Plaintiff's daily activities, those activities only included being able to "do light housework" and "wash dishes." (Tr. 130). She testified her "husband and children do the laundry and cooking." *Id.* She testified she "has no hobbies, but she is able to go to school activities" but "has difficulty sitting for those activities." *Id.* She "attends church once a week and usually takes a cushion with her." *Id.* These activities are certainly not extensive.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. *See Polaski,* 739 F.2d at 1322 (holding a claimant's

7

subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of August 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE